## AMOS N. BECKWITH *v.* ALEXANDER FARNUM.

The custom and understanding of the merchants in a particular trade, cannot be received in evidence, to vary well-established rules of law applicable to their transactions in it. The barter or exchange of a promissory note, indorsed without recourse, for cotton or any other species of merchandise, carries with it no implied warranty of the past or future solvency of the maker of the note; the rule of *caveat emptor* applying, in the absence of fraudulent representation or concealment, to the quality and value of both merchandise and note.

ASSUMPSIT for 8,503 lbs. of cotton, agreed to have been bought by the defendant of the plaintiff, (both of whom were cotton merchants in Providence,) by way of exchange, for the note of John E. Weeden, dated October 6, 1856, at six months, for $1,178.70; the note having been transferred by the defendant

to the plaintiff, without recourse, and the cotton received by the defendant therefor, on the 26th of November, 1856. At the time the bargain was made and executed by delivery, one of Weeden's notes was actually lying over at one of the banks in Providence, though both parties were ignorant of the fact; and he turned out to be wholly insolvent. It was upon the ground of this insolvency, that the plaintiff sought to recover the price of the cotton from the defendant, tendering to him the note. The case was submitted to the court without argument; the plaintiff offering to prove, that notwithstanding this was an executed contract of exchange of the cotton for the note, fairly made, at a time when both parties were ignorant of the insolvency of the maker of the note, yet that, according to the custom and understanding of the merchants in Providence engaged in this trade, if it turned out that the maker of the note was insolvent at the time of the bargain, the seller of the note had the right to repudiate or rescind the contract.

*Payne* and *Colwell*, for the plaintiff.

*T. A. Jenckes*, for the defendant.

AMES, C. J. We cannot receive evidence of the custom and understanding of the merchants in a particular trade, to vary well-established rules of law applicable to their transactions in it. The barter or exchange of a promissory note, indorsed without recourse, for cotton or any other species of merchandise, carries with it no implied warranty of the past or future solvency of the maker of the note; the rule of *caveat emptor* applying, in the absence of fraudulent representation or concealment, to the quality and value of both merchandise and note. This case is ruled by that of *Bicknall & Skinner* v. *Resolved Waterman*, supra, p. 43; and grew out of a very common course of dealing in the cotton market of Providence, proved in that case and admitted in this, the purpose of which is to shift the risk of a note on time; the price of the cotton being adjusted to the credit of the parties to the note. It differs from that case in a particular not favorable to this plaintiff, to wit: that here the insolvency of the maker of the note was not discovered by either party, until after the barter had been consummated by the actual delivery of both cotton and note ; a feature, in this case,

the absence of which alone caused us to hesitate about our judgment, in that. Upon the facts agreed, judgment must be entered for the defendant.